EDMUND G. BROWN JR.
Attorney General of California
J. MATTHEW RODRIQUEZ
Chief Assistant Attorney General
KEN ALEX
Senior Assistant Attorney General
MARGARITA PADILLA
Supervising Deputy Attorney General
SANDRA GOLDBERG, State Bar No. 138632
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 622-2145
 Fax:  (510) 622-2270
 E-mail:  Sandra.Goldberg@doj.ca.gov

*Attorneys for Plaintiff*
*California Department of Toxic Substances Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ATCHISON TOPEKA & SANTA FE RAILWAY COMPANY,**<br><br>                                  Plaintiff,<br><br>     v.<br><br>**HERCULES INCORPORATED et. al.,**<br><br>                                  Defendants. | No. CV-F-96-5879 OWW/ DLB<br>(Consolidated With CV-F-98-5050 OWW)<br><br>**STIPULATION FOR DISMISSAL OF CLAIMS AND ORDER**<br><br>Trial Date   None |

The California Department of Toxic Substances Control ("DTSC"), The Dow Chemical

Company ("Dow"), Shell Oil Company and/or Shell Chemical Company ("Shell"), Hercules,

Incorporated ("Hercules") and BNSF Railway Company (formerly Burlington Northern and

1

PDF created with pdfFactory trial version www.pdffactory.com

Santa Fe Railway Company, and successor to Atchison Topeka & Santa Fe Railway Company) ("BNSF Railway") collectively referred to herein as the "Parties," hereby stipulate and agree as follows:

A. DTSC filed a Complaint in this action against Dow, Shell, Hercules and BNSF Railway (jointly "Stipulating Defendants") on January 14, 1998 in connection with the environmental cleanup of the Brown & Bryant Shafter Site, in Shafter, CA ("the Shafter Site").[1] DTSC filed a First Amended Complaint on March 9, 1998 and a Second Amended Complaint on November 6, 1998 (the Complaint and Amended Complaints are jointly referred to as "Complaint").[2] The Complaint seeks recovery of DTSC's response costs and declaratory relief under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C § 9601 *et seq.* ("CERCLA"), arising from alleged releases and threatened releases of hazardous substances at and from the Shafter Site. The Complaint also seeks civil penalties under California Health & Safety Code § 25359.2 for non-compliance with the Imminent or Substantial Endangerment Determination Order and Remedial Action Order, In the Matter of: Brown & Bryant, Inc., 135 & 140 Commercial Drive, Shafter, CA, issued by DTSC on July 23, 1993 ("ISE Order").

B. The Stipulating Defendants filed their respective Answers to the Complaint. Dow also filed counterclaims against DTSC and a third party complaint against the Hazardous Waste Control Account and Hazardous Substances Account, on April 4, 1998. Dow filed First Amended Counterclaims against DTSC on May 5, 1998, and filed a Notice of Voluntary Dismissal of its third party complaint against the Hazardous Waste Control Account and Hazardous Substance Account on that date. The Court entered the order of dismissal on May 12, 1998. Hercules filed counterclaims against DTSC and cross-claims against BNSF Railway on

---

[1] DTSC's Complaint was originally numbered CV-F-98-5050-OWW-DLB; it was consolidated with the already pending action numbered CV-F-96-5879-OWW-DLB. (Minute Order, May 7, 1998).

[2] DTSC's Complaint included claims against additional defendants. DTSC settled its claims against Chevron Chemical Company (Orders Approving Settlement, filed October 4 and 26, 1999) and dismissed its claims against Novartis and Ciba-Geigy Corporation (Order Dismissing Claims, filed January 28, 1999 and Stipulation Substituting Party, April 2, 1998).

PDF created with pdfFactory trial version www.pdffactory.com

October 30, 1998.  BNSF Railway filed cross-claims against a number of parties, including Shell, Dow and Hercules, on May 6, 1998 and filed amended cross-claims on November 9, 1998. DTSC filed a motion to dismiss Dow's Counterclaims on June 5, 1998.  That motion was argued on August 24, 1998, and is still pending.

C. When DTSC's Complaint in this action was filed, it was related to pending cases in this court involving claims arising from releases and threatened releases of hazardous substances from the Brown & Bryant Shafter Site and from another location where Brown & Bryant conducted business, in Arvin, CA ("the Arvin Site").  The claims related to the Arvin Site were tried from March through September 1999, and judgment was entered by the district court on September 10, 2003.  The judgment was appealed to the U.S. Court of Appeals for the Ninth Circuit (*U.S. v. Burlington Northern and Santa Fe Railway Co.* (9th Cir. 2008) 520 F.3d 918), and the U.S. Supreme Court (*Burlington Northern and Santa Fe Railway Co. v. U.S.* (2009) 129 S.Ct. 1870).

D. The claims regarding the Shafter Site in this action were stayed and the trial date for the Shafter Site was vacated by stipulation of the parties and the order of this court entered on December 16, 1999.  The purpose of the stay was to provide the parties with the opportunity to develop information regarding human and environmental risks posed by the Shafter Site and the feasible alternatives for remediation of the alleged releases or threatened releases of hazardous substances at the Shafter Site.

E. On May 21, 2009, DTSC approved the Final Remedial Action Plan, identifying the appropriate remedial actions for the Shafter Site.

F. On May 4, 2009, the U.S. Supreme Court issued its decision in *Burlington Northern and Santa Fe Railway Co. v. U.S.* (2009) 129 S.Ct. 1870.  Among other things, the Supreme Court found that Shell is not a person who, under CERLCA, "arranged" for disposal of hazardous substances at the Arvin Site, and therefore Shell is not liable for U.S. EPA or DTSC's response costs for the Arvin Site.  This decision provided new guidance from the Supreme Court on

PDF created with pdfFactory trial version www.pdffactory.com

"arranger" liability under CERCLA. California Health & Safety Code section 25323.5 incorporates CERCLA's definitions of liable parties, including arrangers. Accordingly, the Parties hereby stipulate and agree to the following:

1. DTSC's claims against Dow and Shell, set forth in the Complaint, are dismissed with prejudice.

2. Dow's Counterclaims against DTSC are dismissed with prejudice.

3. Within 30 days of entry of this Stipulation and Order by the court, DTSC will amend the ISE Order to remove Dow and Shell.

4. Dow and Shell may not recover any costs, expenses, attorneys' fees or other monetary recovery from DTSC in connection with the claims that are dismissed by this Stipulation and Order or the ISE Order, or any other claims arising from the releases or threatened releases of hazardous substances at and from the Shafter Site alleged in the Complaint.

5. DTSC may not recover any costs, expenses, attorneys' fees or other monetary recovery from Dow or Shell in connection with the claims that are dismissed by this Stipulation and Order or the ISE Order, or any other claims arising from the releases or threatened releases of hazardous substances at and from the Shafter Site alleged in the Complaint.

6. This Stipulation and Order shall have no effect on DTSC's claims in this action against Hercules and BNSF Railway, nor shall it have any effect on Hercules and BNSF Railways' defenses to those claims.

7. This Stipulation and Order shall have no effect on claims in this action that the Stipulating Defendants have filed against each other, nor shall it have any effect on the Stipulating Defendants' defenses to such claims.

8. In all respects other than consideration and entry of this Stipulation and Order, and except as otherwise requested by the parties in the Supplemental Joint Status Report filed October 23, 2009 or as may be ordered by the court, the stay shall be continued, so that DTSC and remaining defendants may initiate settlement discussions among themselves regarding the remaining claims in the action for the Shafter Site.

PDF created with pdfFactory trial version www.pdffactory.com

9. This Stipulation may be signed in counterpart and facsimiles of signatures, or signatures on a portable document format (pdf) copy of the stipulation, shall have the same force and effect as originals.

10. The signatories are authorized to sign and bind the parties for whom they are signing.

IT IS SO STIPULATED.

Dated: 11/13/09  EDMUND G. BROWN JR.,
Attorney General of the State of California
KEN ALEX
Senior Assistant Attorney General

   /s/ Sandra Goldberg
SANDRA GOLDBERG
Deputy Attorney General
*Attorneys for Dept. of Toxic Substances Control*

Dated: November 12, 2009  BARG COFFIN LEWIS & TRAPP

   /s/ Marc Zeppetello
MARC ZEPPETELLO
*Attorneys for BNSF Railway Company*

Dated: November 12, 2009  WENDEL, ROSEN, BLACK & DEAN, LLP

   /s/ Stephen McKae
STEPHEN McKAE
*Attorneys for The Dow Chemical Company*

Dated: 11-12-09  LEWIS, BRISBOIS, BISGAARD & SMITH

   /s/ Michael K. Johnson
MICHAEL K. JOHNSON
*Attorneys for Shell Oil Company*

Dated: November 13, 2009  K & L GATES, LLP

   /s/ Edward P. Sangster
EDWARD P. SANGSTER
*Attorneys for Hercules Incorporated*

IT IS SO ORDERED.

Date:   November 17, 2009

/s/ OLIVER W. WANGER
United States District Court Judge