| | |
|---|---|
| 1 | JOHN F. BARG (State Bar No. 60230) |
| | (jfb@bcltlaw.com) |
| 2 | MARC A. ZEPPETELLO (State Bar No. 121185) |
| | (maz@bcltlaw.com) |
| 3 | BARG COFFIN LEWIS & TRAPP, LLP |
| | 350 California Street, 22nd Floor |
| 4 | San Francisco, California  94104-1435 |
| | Telephone:  (415) 228-5400 |
| 5 | |
| 6 | Attorneys for BNSF RAILWAY COMPANY, as successor to THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, et al., | Case No.: 1:96-cv-05879  OWW DLB (CONSOLIDATED SHAFTER CASES) |
| Plaintiffs, | **JUDGMENT FOR BNSF RAILWAY COMPANY AND THE DOW CHEMICAL COMPANY AGAINST BROWN & BRYANT, INC. AND JOHN H. BROWN** |
| v. | |
| HERCULES INCORPORATED, et al., | |
| Defendants. | **[Fed. R. Civ. P. 54(b)]** |
| | **THE HONORABLE OLIVER W. WANGER** |

On July 26, 2010, the Court issued Order Adopting Findings and Recommendations and Imposing Terminating Sanctions Against the Brown & Bryant Parties (Brown & Bryant, Inc., John H. Brown, an individual, and Ed. A. Brown, an individual) for their willful failure to comply with the Court's discovery orders ("Order Imposing Terminating Sanctions").  The Order Imposing Terminating Sanctions provides, *inter alia,* that default judgment be entered against the Brown & Bryant Parties in favor of BNSF Railway Company ("BNSF") and The Dow Chemical Company ("Dow") as to their remaining claims in this action against the Brown & Bryant Parties.

**JUDGMENT IN FAVOR OF BNSF RAILWAY COMPANY AND THE DOW CHEMICAL COMPANY AGAINST BROWN & BRYANT, INC. AND JOHN H. BROWN**
**Case No. CIV-F-96-5879  OWW/DLB**

852768.1

PDF created with pdfFactory trial version www.pdffactory.com

On March 29, 2011, Dow filed a Motion for Determination of Recoverable Response Costs and Entry of Judgment Against the Brown & Bryant Parties ("Dow Motion").  On April 15, 2011, BNSF filed a Motion for Entry of Judgment Against the Brown & Bryant Parties ("BNSF Motion").  David R. Griffin, counsel of record for the Brown & Bryant Parties, was given notice of the BNSF Motion, and on April 29, 2011, Mr. Griffin filed a written non-opposition to the granting of the Dow Motion and the BNSF Motion on behalf of Brown & Bryant Inc. and John H. Brown.  On May 20, 2011, the Court granted Dow's Motion and BNSF's Motion as to Brown and Bryant, Inc. and John H. Brown.[1]

In accordance with Federal Rule of Civil Procedure 52(c), the Court hereby makes the following findings of fact and conclusions of law:

a.  On July 26, 2010, default was entered against the Brown & Bryant Parties pursuant to the Court's Order Imposing Terminating Sanctions for the Brown & Bryant Parties' willful failure to comply with discovery orders.  (Document No. 460)

b.  In accordance with Federal Rule of Civil Procedure 55 and *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990)(citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), the factual allegations contained in BNSF's Second Amended Complaint against the Brown & Bryant Parties and Dow's Counterclaim for Cost Recovery and Contribution against the Brown & Bryant Parties are presumed to be true in assessing the damages to which BNSF and Dow are entitled.

c.  BNSF and Dow have established a *prima facie* case of CERCLA liability against the Brown & Bryant Parties, as shown by the following facts:

i.  the 15-acre site located at 135 Commercial Street in Shafter, California ("the B&B Shafter Site") is a "facility" within the meaning of that term under CERCLA, 42 U.S.C. Sections 9601(9);

ii. there has been a "release" or threatened release of a "hazardous substance" at or from the facility within the meaning of those terms under CERCLA, 42 U.S.C. §§

---

[1] Ed Brown is deceased and judgment is not entered against his estate.

2

JUDGMENT IN FAVOR OF BNSF RAILWAY COMPANY AND THE DOW CHEMICAL COMPANY
AGAINST BROWN & BRYANT, INC. AND JOHN H. BROWN
Case No. CIV-F-96-5879  OWW/DLB

852768.1

PDF created with pdfFactory trial version www.pdffactory.com

            9601(22) and (14), respectively;

        iii. the release or threatened release of hazardous substances at the B&B Shafter Site has caused BNSF and Dow to incur response costs that were "necessary" and "consistent with the national contingency plan," 40 C.F.R. Part 300; and

        iv. the Brown & Bryant Parties, and each of them, are within the classes of persons subject to liability under CERCLA Section 107(a), 42 U.S.C. § 9607(a), as owners, former owners and operators at the time of disposal, and "arrangers" as they own a portion of the B&B Shafter Site and/or formulated, stored and handled agricultural chemicals and hazardous substances at the B&B Shafter Site.

    d. BNSF has incurred damages in the sum of $3,721,868.23 for response costs, exclusive of interest and costs, incurred from June 14, 1991 though April 1, 2011, at the B&B Shafter Site. *See* Declaration of David C. Clark in Support of BNSF Railway Company's Motion for Entry of Default Judgment Against The Brown & Bryant Parties, filed on April 15, 2011 (Document No. 479).

    e. Dow has incurred damages in the sum of $917,606.39 for response costs, exclusive of interest and costs, incurred from December 1993 though October 2009, at the B&B Shafter Site. *See* Declaration of Dr. Larry Bone in Support of Motion of The Dow Chemical Company for Determination of Recoverable Response Costs and Entry of Judgment (Rule 55(B), Fed.R.Civ.Proc.), filed on March 29, 2011 (Document No. 472), and Declaration of Stephen McKae in Correction of Motion of The Dow Chemical Company for Determination of Recoverable Response Costs and Entry of Judgment (Rule 55(B), Fed.R.Civ.Proc.) for Post-Filing Partial Return of Funds, filed on May 13, 2011 (Document No. 488).

    f. These costs incurred by BNSF and Dow are necessary and consistent with the national contingency plan.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

    a. That BNSF recover from Brown & Bryant, Inc. and John H. Brown, jointly and severally, the sum of $3,721,868.23 for response costs incurred from June 14, 1991

3

**JUDGMENT IN FAVOR OF BNSF RAILWAY COMPANY AND THE DOW CHEMICAL COMPANY
AGAINST BROWN & BRYANT, INC. AND JOHN H. BROWN
Case No. CIV-F-96-5879  OWW/DLB**

852768.1

PDF created with pdfFactory trial version www.pdffactory.com

1 | through April 1, 2011, at the B&B Shafter Site.

    b. That Dow recover from Brown & Bryant, Inc. and John H. Brown, jointly and severally, the sum of $917,606.39 for response costs incurred from December 1993 through October 2009 at the B&B Shafter Site.

    c. That BNSF recover costs of suit from Brown & Bryant, Inc. and John H. Brown, jointly and severally.

    d. That Dow recover costs of suit from Brown & Bryant, Inc. and John H. Brown, jointly and severally.

    e. The matter having been fully adjudicated, the Court finds no just reason for delaying entry of final judgment for BNSF and Dow, and final judgment pursuant to Federal Rule of Civil Procedure 54(b) hereby is and shall be entered in favor of BNSF and Dow and against Brown & Bryant, Inc. and John H. Brown.

IT IS SO ORDERED.

Dated: June 8, 2011

/s/ OLIVER W. WANGER
United States District Court Judge

**JUDGMENT IN FAVOR OF BNSF RAILWAY COMPANY AND THE DOW CHEMICAL COMPANY AGAINST BROWN & BRYANT, INC. AND JOHN H. BROWN**
**Case No. CIV-F-96-5879 OWW/DLB**

4

852768.1

PDF created with pdfFactory trial version www.pdffactory.com