IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>            Plaintiff,<br><br>       vs.<br><br>BROWN & BRYANT, INC., et al.,<br><br>            Defendants.<br>_____/ | CASE NO. CV F 96-5879 LJO DLB<br><br>**SUMMARY JUDGMENT DECISION**<br>(Doc. 512.) |

### INTRODUCTION

Plaintiff California Department of Toxic Substances Control ("DTSC") seeks summary judgment that defendants Brown & Bryant, Inc. ("B&B") and John H. Brown ("Mr. Brown") are jointly and severally liable for $1,859,342.18 uncompensated costs to remediate release of hazardous substances at a Shaftner, California site ("site"). No papers have been filed to oppose summary judgment. This Court considered DTSC's summary judgment motion on the record[1] and VACATES the March 29, 2012 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court GRANTS DTSC summary judgment.

---

[1] In the absence of AE's opposition, this Court carefully reviewed and considered the entire record to determine whether defendants' summary judgment motion is well supported. Omission of reference to an argument, document or paper is not to be construed to the effect that this Court did not consider the argument, document or paper. This Court thoroughly reviewed, considered and applied the evidence and matters it deemed admissible, material and appropriate for summary judgment.

1

# BACKGROUND

## Release Of Hazardous Substances

The site comprises 15 acres and a parcel owned by former defendant BNSF Railway Company ("BNSF") and a second parcel owned by B&B. During the early 1950s to December 1989, B&B used the site for manufacturing, blending and packaging pesticides, insecticides, herbicides, defoliants and fertilizers. The site included five surface impoundments, a rinse water sump, fertilizer, pesticide and herbicide storage tanks, an enclosed can holding area, and a waste drum storage area. The site was unpaved, and chemical spills and wastewater disposal contaminated the soil with agricultural chemicals to depths of 120 feet below surface grade.

Site investigations indicate that underlying soil and soil gas are impacted with volatile organic compounds, pesticides, fumigants and herbicides. DTSC has incurred costs to respond to the release of hazardous substances at the site and which include investigation, remedial construction, oversight, and payments to contractors. As of December 31, 2011, DTSC had incurred $1,859,342.18 uncompensated response costs for the site.

DTSC pursues against the B&B and Mr. Brown (collectively the "B&B defendants") claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, et seq., to recover costs to remediate the site.

## Prior Judgment

This Court's July 26, 2010 order imposed terminating sanctions against the B&B defendants for their willful disobedience of discovery orders and allowed default judgment against the B&B defendants and in favor of BNSF and The Dow Chemical Company ("Dow"). This Court entered a June 9, 2011 judgment to find that the B&B defendants "are within the classes of persons subject to liability under CERCLA Section 107(a), 42 U.S.C. § 9607(a), as owners, former owners and operators at the time of disposal, and 'arrangers' as they own a portion of the B&B Shaftner Site and/or formulated, stored and handled agricultural chemicals and hazardous substances at the B&B Shaftner Site." The judgment concluded that the B&B defendants are jointly and severally liable for BNSF's and Dow's response costs for the site.

/ / /

# DISCUSSION

## Summary Judgment Standards

DTSC seeks summary judgment that the B&B defendants are jointly and severally liable for DTSC's response costs for the site.

F.R.Civ.P. 56(a) permits a party to seek summary judgment "identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." "A district court may dispose of a particular claim or defense by summary judgment when one of the parties is entitled to judgment as a matter of law on that claim or defense." *Beal Bank, SSB v. Pittorino*, 177 F.3d 65, 68 (1st Cir. 1999).

Summary judgment is appropriate when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(a); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact," not weigh the evidence or determine the truth of contested matters. F.R.Civ.P. 56(a), (c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); see *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464, 467, 82 S.Ct. 486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986)

To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of

1  persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (2007) (moving party is able to prevail "by pointing out that there is an absence of evidence to support the nonmoving party's case"); *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990). A "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" to entitle the moving party to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

"[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102; *see High Tech Gays*, 895 F.2d at 574. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *see Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see High Tech Gays*, 895 F.2d at 574. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) (F.R.Civ.P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")

F.R.Civ.P. 56(e)(3) provides that when a party "fails to properly address another party's assertion of fact," a court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." "In the absence of specific facts,

as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988).  When a summary judgment motion is unopposed, a court must "determine whether summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir. 1990).  A court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion." *United States v. One Piece of Real Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  A court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

As discussed below, the record reveals that DTSC is entitled to summary judgment.

### Joint And Several Liability

"While CERCLA does not mandate the imposition of joint and several liability, it permits it in cases of indivisible harm."  *U.S. v. Monsanto Co.*, 858 F.2d 160, 171 (4th Cir. 1988).  "When such persons cause a single and indivisible harm, however, they are held liable jointly and severally for the entire harm."  *Monsanto*, 858 F.2d at 171.  The Second Circuit Court of Appeals has explained burdens of proof to impose joint and several liability when environmental harm is indivisible:

> The government has no burden of proof with respect to what caused the release of hazardous waste and triggered response costs. It is the defendant that bears that burden. To defeat the government's motion for summary judgment on the issue of divisibility, [a defendant] need only show that there are genuine issues of material fact regarding a reasonable basis for apportionment of liability.

*U.S. v. Alcan Alum. Corp.*, 990 F.2d 711, 722 (2nd Cir. 1989).

"[C]ourts have continued to impose joint and several liability on a regular basis, reasoning that where all of the contributing causes cannot fairly be traced, Congress intended for those proven at least partially culpable to bear the cost of the uncertainty." *O'Neil v. Picillo*, 883 F.2d 176, 179 (1st Cir. 1989). "Once liability is established, the defendant may avoid joint and several liability by establishing that it caused only a divisible portion of the harm – for example, it contributed only a specific part of the hazardous substances that spilled." *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 871 (9th Cir. 2001).

This Court has found that the B&B defendants are responsible parties under CERCLA as property owners and operators and as arrangers and are jointly and severally liable for BNSF's and Dow's response costs. There is no genuine issue of material fact whether the B&B defendants caused a divisible portion of harm at the site. As liable parties, B&B are jointly and severally liable for DTSC's response costs in the absence of factual disputes as to a reasonable basis for liability apportionment. DTSC has documented and verified its response costs to oversee remediation of the site. As such, DTSC is entitled to summary judgment that the B&B defendants are jointly and severally liable for DTSC's response costs.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS DTSC summary judgment that the B&B defendants are jointly and severally liable for DTSC's $1,859,342.18 response costs; and

2. DIRECTS the clerk to enter judgment in favor of plaintiff California Department of Toxic Substances Control and against defendants Brown & Bryant, Inc. and John H. Brown in that there is no just reason to delay to enter such judgment given that DTSC's claims against the B&B defendants and their alleged liability are clear and distinct from claims against and liability of other defendants. *See* F.R.Civ.P. 54(b).

IT IS SO ORDERED.

Dated:   March 16, 2012                              /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE